IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIE THOMAS | * | |
| | * | |
| v. | * | Civil No. – JFM-15-787 |
| | * | |
| UNIVERSITY OF MARYLAND | * | |
| BALTIMORE WASHINGTON MEDICAL | * | |
| SYSTEM, INC. | * | |

******

## MEMORANDUM

Willie Thomas has brought an action for race and age discrimination and retaliation against University of Maryland Baltimore Washington Medical System, Inc. Discovery has been completed, and defendant has filed a motion for summary judgment. The motion will be granted.

Thomas cannot prove that he was meeting the legitimate expectations of his position at the time of the termination of his employment. The record establishes that he failed to comply with the efficiency and the productivity standard required of him. The record also establishes that Thomas had an unenviable record of absenteeism.

To the extent that he relies upon his own opinion (provided by an affidavit to his opposition memorandum) that he was meeting defendant's expectations at the time of his discharge, the law is clear that such a self-serving statement does not create a genuine issue of material fact. *See King v. Rumsfeld*, 328 F.3d 145, 149 (4th Cir. 2003). Likewise, the fact that Thomas received a "satisfactory" rating in his initial annual performance review in April 2013 is immaterial. Thomas's employment was terminated in February 2014, and it was his

performance at the time of the termination of his employment that is important. *See Diamond v. Bea Maurer, Inc.*, 128 F. App'x 968, 973 (4th Cir. 2005).

Thomas also failed to establish that any similarly situated employee received more favorable treatment than did he. The two persons to whom he points in his opposition, Kathryn Novicky and Rose Hughes, did not hold the same position as did Thomas. They were not regular employees and worked minimal hours. They were not subject to the same productivity standards. In any event, Thomas has not provided evidence that Novicky or Hughes scored low on their performance rating reviews or failed to meet the minimum level of productivity. They also did not have any attendance problem.

As for Thomas's retaliation claim, more than four months separated the termination of Thomas's employment and the claimed protected activities. Under Fourth Circuit law this time period is "too long to establish a causal connection." *See Pascual v. Lowe's Home Centers, Inc.*, 193 F. App'x 229, 233 (4th Cir. 2006). Moreover, at the time of the alleged protected activity, Thomas's own work was being scrutinized by his supervisor.

A separate order granting defendant's motion for summary judgment is being entered herewith.

Date: 2/29/16

/s/ J. Frederick Motz
United States District Judge

2